# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HAKEEM ABDUL RASHEED,

      PLAINTIFF,

V.

COUNTY OF WAYNE, *ET AL.*,

      DEFENDANTS.

_____/

CASE NO. 06-14512

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## [DE # 16] DISMISSING CASE WITH PREJUDICE

On October 16, 2006, Plaintiff filed as its complaint a document entitled "Affidavit in the Nature of a Petition for Enforcement of Maritime Liens in Libel Review for Summary/Default Judgment." Plaintiff has since filed documents entitled "An Affidavit in the Nature of Petition by Plaintiff to Amend the Complaint, First Amendment Complaint," a "Memorandum of Law," a "Request for Clerk's Entry of Default," a "Partial Chain of Evidence," and a "Notice of Exemption from 'Service of Process.'"

In response to these filings, Defendants filed a Motion to Dismiss on February 13, 2007. Defendants seek to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) based on this Court's lack of jurisdiction, Plaintiff's failure to state a claim upon which relief may be granted, and the frivolousness of the complaint and other pleadings.

Under FRCP 12(b)(6), a complaint fails to state a claim upon which relief can be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim[s] that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court may dismiss a Plaintiff's complaint at any time "if the court determines that... the action or appeal... is frivolous." A complaint is frivolous if it

lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

From what can be gathered from the pleadings, Plaintiff appears to bring this suit under admiralty law. He raises both tort and contract claims against Defendants. Yet, Plaintiff's complaint and accompanying documents fail to allege specific requirements of admiralty jurisdiction, such as a location that involves and a connection with maritime activity. Plaintiff also fails to allege elements of both tort and contract claims. For instance, Plaintiff invokes admiralty jurisdiction for his tort claim but fails to allege any specific tortious conduct by Defendants or a relationship of that conduct to the navigable waterways or traditional maritime activities. In terms of his contract claim, Plaintiff fails to allege that a contract even existed. Consequently, Plaintiffs complaint and subsequent pleadings appear beyond a doubt that he can prove no set of facts in support of his claims that would entitle him to the requested relief of between $30 and $142 billion dollars. Thus, Plaintiff has failed to state a cognizable claim upon which relief can be granted under either Admiralty/Maritime Law or general tort and contract law against Defendants and pursuant to FRCP 12(b)(6), this Court finds that the case should be summarily dismissed.

Mr. Rasheed's case should also be dismissed as frivolous since it lacks an arguable basis in both law and fact. As a result, his complaint is also summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS HEREBY ORDERED** that the case is **DISMISSED WITH PREJUDICE**.


       S/ARTHUR J. TARNOW
       Arthur J. Tarnow
       United States District Judge

Dated: May 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 18, 2007, by electronic and/or ordinary mail.

       S/THERESA E. TAYLOR
       Case Manager